(25 Misc. Rep. 45.)

### PEOPLE v. REILLY.

(Supreme Court, Special Term, Kings County.    October, 1898.)

1. CRIMINAL LAW—SECOND OFFENSE.
    On trial for a crime as a second offense there can be no conviction unless it is found that defendant was also convicted of the first offense.

2. SAME—ACCOMPLICE TESTIMONY—INSTRUCTION.
    An instruction is erroneous which assumes the truth of the accomplice's testimony by stating that there must be a conviction if it is corroborated.

Application by Thomas Reilly for a certificate of reasonable doubt under a conviction of grand larceny as a second offense.    Granted.

W. O. Miles, for the motion.

Robert Elder, opposed

GAYNOR, J.    The learned county judge charged the jury as follows according to the minutes, viz.:

"The first great right or privilege given to a person charged with crime is that he is to be considered innocent until he is proven guilty beyond a reasonable doubt, and the burden is upon the district attorney as the representative of the people to prove the defendant's guilt; the defendant is not bound to prove his innocence.    As you are probably aware the law of France is entirely the reverse; there the defendant is bound to prove his innocence, but in this country when a man is placed on trial for the commission of a crime he is presumed to be innocent until the people prove his guilt."

It would seem that there must be some mistake in the taking down of this part of the charge; for from Moses down to this time no law,

or lawgiver, has ever even suggested that one accused of crime must prove himself innocent in order to escape being convicted. The rule that one accused of crime has to be proved guilty has been the rule of every legal system from the beginning of history. The old testament strikingly declares and illustrates it. It may be that a statement by the court to the jury that the law of France is the reverse of ours, and that "there the defendant is bound to prove his innocence," is calculated to minimize in the minds of the jury the gravity and importance of the just and universal rule that the defendant must be proved guilty; but it is doubtful if such an error about French law presents a question for review.

It seems to me, however, that the learned county judge may have committed reversible errors in other respects. The indictment was for grand larceny in the second degree as a second offense. The defendant could not therefore be found guilty as charged in the indictment unless the jury found that the defendant not only committed the larceny alleged in the indictment, but was also convicted of the former offense as alleged. The charge is that "in determining this case you will eliminate from your considerations the fact that this defendant at some previous time committed a crime and you will determine the question of his guilt or innocence of this second offense solely upon the evidence you have heard respecting it"; and again that, "If you are satisfied beyond a reasonable doubt that Stoney [an accomplice] has been corroborated by such evidence as tends to connect the defendant with the commission of this crime [i. e., the larceny alleged in the indictment as the second offense] it is your bounden duty under your oaths to find him guilty as charged in the indictment." This was not enough to enable the jury to so find. They had also to first find his conviction of the alleged first offense.

Under a conviction for a second offense the court is required to impose the longest term of imprisonment allowed upon a first conviction, and is allowed to double such term. This shows the care with which the question whether the defendant was convicted of the alleged first offense should have been submitted to the jury, and the necessity of carefully warning a jury against convicting as charged in the indictment unless they first determine in their consultation that the defendant was convicted of the first offense.

Throughout the charge, also, the evidence of Stoney, the accomplice, seems to have been accepted as truthful, and the only question submitted was whether it was corroborated, and the jury were then charged that if it was "it is your bounden duty under your oaths to find him guilty as charged in the indictment, whether or not you feel that you would like to have more evidence or whether you feel that you would like to be more convinced or have more convincing evidence." It seems to me that the jury were required to convict under this charge. The question of the defendant's guilt was reduced to the single question whether Stoney was corroborated, and about that there was no doubt.

The jury were also charged that Stoney testified that he and the defendant met and talked at a time and place named and "decided to burglarize the store of A. D. Matthews & Sons," i. e., where the

larceny was alleged to have been committed. I do not find in the minutes that Stoney so testified; and it seems to me that when counsel for defendant objected to this statement of the court it should have been corrected.

Let the certificate issue.